IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES NERO, | : | |
| Petitioner, | : | 1:19-cv-0486 |
| | : | |
| v. | : | Hon. John E. Jones III |
| | : | |
| DAVID J. EBBERT, | : | |
| Respondent. | : | |

## MEMORANDUM

### May 17, 2019

Petitioner, James Nero ("Nero"), an inmate confined in the Special Management Unit ("SMU") at the United States Penitentiary at Lewisburg, Pennsylvania, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, on March 18, 2019. Nero claims that his due process rights were violated during the course of prison disciplinary proceedings. (Doc. 1). He also challenges his confinement in the SMU.

The petition is ripe for disposition. For the reasons set forth herein, the petition will be dismissed for lack of subject matter jurisdiction.

### I. BACKGROUND

On October 17, 2017, Nero received Incident Report Number 3045565, charging him with possession of drugs in violation of Prohibited Act Code 113, and attempting to destroy an item during a search in violation of Prohibited Act Code 115A. (Doc. 7-2, p. 3, ¶ 4, p. 11). Following the November 1, 2017 hearing, the

disciplinary hearing officer found Nero guilty and imposed sanctions of seven days disciplinary segregation, one year loss of commissary and one year loss of visitation. (*Id.*). A loss of good conduct time was not among the sanctions imposed. He contends that prison officials considered this charge in deciding to place him in the SMU. (Doc. 1, p. 7).

On July 12, 2018, he received Incident Report Number 3145105 for refusing a urinalysis in violation of Prohibited Act Code 110. (Doc. 7-2, p. 3, ¶ 5, p. 11; Doc. 1, p. 11). After the August 1, 2018 hearing, the disciplinary hearing officer concluded that Nero committed the charged conduct and sanctioned him with thirty days of disciplinary segregation, 180 days loss of commissary, and 180 days loss of visitation. (Doc. 7-2, p. 3, ¶ 5, p. 11; Doc. 1, pp. 11-13). Nero did not lose good conduct time. (Doc. 7-2, pp. 4, 5; Doc. 1, p. 13).

As relief, Nero requests that his lost good conduct time be restored, that the sanctions be lifted and expunged, and that he be released from the SMU. (*Id.* at 8; Doc. 8).

## II. **DISCUSSION**

Habeas relief is available to challenge the fact or duration of confinement, *Preiser v. Rodriguez*, 411 U.S. 475, 498-99 (1973); *Leamer v. Fauver*, 288 F.3d 532, 540 (3d Cir. 2002), which, in the context of disciplinary hearing proceedings involves the loss of good conduct time. *Muhammed v. Close*, 540 U.S. 749 (2004);

*Edwards v. Balisok*, 520 U.S. 641 (1997). Nero did not lose good conduct time and the sanctions imposed do not implicate the fact or duration of his confinement. *See Preiser*, 411 U.S. at 484; *see Leamer*, 288 F.3d at 540-42.

Nero also seeks release from the SMU. The claim that placement in the SMU may be brought *via* a habeas petition because it implicates the execution of a sentence and duration of confinement has been presented to, and rejected by, the United States Court of Appeals for the Third Circuit. *Cardona v. Thompson*, 681 F.3d 533, 537 (3d Cir. 2012) (finding that prolonged placement in the SMU does not concern the execution of a sentence because such placement is not inconsistent with the judgment of sentence). The claim is not cognizable in a habeas petition. Rather, it must be brought in a civil rights action. (*Id.* at 535).

### III. <u>Conclusion</u>

Based on the foregoing, the petition for writ of habeas corpus will be dismissed for lack of subject matter jurisdiction.

The Court will enter a separate Order.